LEWIS HOWELL et al., Plaintiffs in Error, *v*. LEWIS C. GIBSON, Defendant in Error.

1. VENDOR AND VENDEE : STATUTE OF FRAUDS.—The vendee may maintain a bill against the vendor, for the specific performance of a verbal contract for the sale of lands, which, by the fraud of the vendor, was improperly recited in the deed executed by him as a consummation of the contract, to the extent of having the deed reformed, so as to express the real agreement of the parties.

2. SAME.—If, by the fraud of the vendor, the numbers of the land sold be misdescribed in the deed, the vendee is entitled to have the deed corrected, so as to embrace the land really agreed to be sold; and in order to do this, he may resort to parol evidence, to show what land was actually included in the agreement between the parties. The Statute of Frauds has no application to a case like this.

IN error from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

Lewis Howell and John Howell filed their bill in the Chancery Court, against Lewis C. Gibson, in which they allege, that some time previous to the filing of their bill, they purchased from said Gibson certain real estate described in the bill, for the sum of $2000 ; that after the agreement of purchase was made, the said Lewis suggested that they should go to town, and that he would there employ a lawyer to write a deed of conveyance of the lands thus sold, with general covenant of warranty : that the said Lewis

C. Gibson, in order to cheat and defraud complainants, gave to the said attorney certain numbers of land, in addition to those sold, which were accordingly inserted in the deed prepared by the said attorney. That when the said deed was so prepared, the said Lewis C. Gibson pretended to discover a mistake therein, and pointed out, as the mistake, the insertion therein by the attorney, of a portion of the land really sold, instead of the land fraudulently procured to be inserted by him, as aforesaid. That the said Lewis then had another deed prepared, in which was included the said parcel not purchased by complainants, and from which was excluded the portion sold, which the said Gibson had alleged was more fully inserted in the deed prepared. That this conduct on the part of Lewis C. Gibson, was a fraud on complainants; he well knowing that the representations so made by him were false, and that the deed prepared and delivered to complainants, did not contain the real land sold by him, and purchased by complainants. That the land thus wrongfully included in the deed, was worthless, or nearly so; and that the land omitted in said deed, by the fraud of said Lewis C. Gibson, was very valuable, and also indispensable to the proper enjoyment and use of the balance of the tract purchased by them from said Gibson. That they were ignorant of land numbers, and relied on the good faith and fair dealing of said Lewis C. Gibson; and that they never discovered the said fraud until some time after the said sale, when the said Lewis C. Gibson commenced clearing the land so fraudulently omitted from the deed. That the said Lewis C. Gibson had refused to correct said deed, and had acknowledged that since the sale, the numbers now sought to be included in the deed, were really included in said contract of purchase. They offer to reconvey the land wrongfully included in the deed, and ask that said Lewis C. Gibson be decreed to convey to them the land thus fraudulently omitted, with covenants of warranty. The bill also charged that the relinquishment of dower of Mrs. Gibson was imperfect, and asked that defendant be required to perfect it.

The defendant, Lewis C. Gibson, answered, denying the fraud, and the contract as stated in the bill, and demurred to the bill, and relied upon the Statute of Frauds in support of his demurrer.

The chancellor sustained the demurrer, and dismissed the bill, and complainants sued out this writ of error.

*George L. Potter*, for plaintiffs in error.

This is an appeal from the decree of the chancellor, sustaining defendant's demurrer, and dismissing the bill of complainants.

The decree should be reversed, for these reasons:—

1. Defendant, by his answer filed with the demurrer, *waived* the same. The *gravamen* of the bill is, that the defendant contracted to sell to complainants certain tracts of land, which he showed them—going over it, and pointing out the same to them: that they went to get an attorney to draw the deed, when defendant fraudulently substituted the number of a worthless tract for one of those he had so contracted to sell, and caused the deed to be so drawn, and executed the same, including said worthless tract, and leaving out a good tract, &c.

An answer is filed in .aid of the demurrer, as counsel seem to have intended. Defendant's demurrer, however, is " *to the said bill of complaint*"—the whole bill. This answer in aid, does not merely deny fraud; it denies *the contract* as charged—denies he went to Westville with the title papers, as charged: denies that when he got there he furnished the draftsman with a certain deed, as charged.

It is plain a defendant cannot so controvert a bill in an answer filed in aid of a demurrer; nor can he demur to the whole, and answer as to the fraud. *Gray* v. *Regan*, 1 Cushm. 365.

The answer is also insufficient as a denial of fraud. He is charged with fraudulently placing a memorandum, containing the numbers of another tract, with the titles to the lands contracted for, and this he denies; but he is also charged with taking advantage of the ignorance of John Howell, and fraudulently and falsely asserting to him that the tract actually contracted for, was the Slater entry, and not a part of that contracted for; and that thus he palmed off on John, another and worthless tract, in lieu of it; and *this charge is not denied*. Moreover, we *prove*, by two witnesses, the contract as we allege it, and show the fraud.

2. As to the pretence that the case is within the Statute of

Frauds, it is sufficient to say, our bill does not show a parol contract. The charge is, that the parties did " make and enter into an agreement ;" and the lands are spoken of, as " *set forth* in the contract and agreement." Where the bill avers an agreement, it will be presumed that it is in writing, duly signed, &c., unless the contrary appears, and a demurrer will not lie. *Cozine* v. *Graham,* 2 Paige, 177.

Besides, our bill is not simply for specific performance. We pray, in the event that we cannot get what we contracted for, to have compensation decreed us, to the extent of our loss by the fraud of defendant.

It is idle to say the case is barred by limitations; and idle to insist that Mrs. Gibson should be a party. This was the ground on which the demurrer was sustained, but it was obviously a mistake. As Gibson had so contracted, we have a right to insist that he should make a good deed, and obtain a relinquishment by his wife, or take the consequences. We have the right to demand from *him* such a deed, but no right to compel *her* to execute it.


*George T. Swann,* for defendant in error.

1. The contract sought to be enforced, is a different one from any expressed in any of the writings signed by Gibson, and it is an effort, by *parol,* to *vary, contradict,* and *supersede* a written contract : such contract being required by law to be in writing, signed by the party. This cannot be allowed, on well established principles. 3 Stark. Ev. 997; 1 Greenl. Ev. § 275 *et seq.*

Where the law requires a written formal instrument, if the document offered be defective, so that it cannot be operative without collateral aid, the defect cannot be supplied by parol. 3 Stark. 997.

Where the agreement was that A., for certain considerations, should have the produce of *Boreham* meadow, it was held that he could not prove, by parol, that he was to have both the soil and produce of Wilcroft and Boreham meadow. 3 Stark. Ev. 1005, citing *Meres* v. *Ansel,* 3 Wils. 275.

2. The contract sought to be set up by the bill, was not reduced to writing and signed by Gibson, as required by the Statute of

Frauds. It is void. Hutch. Code, 637 ; *Box et al.' v. Stanford,* 13 S. & M. 94, 97 ; *Skipwith* v. *Dodd,* 2 Cushm. (Miss.) 487.

The case of *Box et al.* v. *Stanford,* 13 S. & M. 94, 97, was one as strongly marked by fraud as the one made by the bill in this case ; and the fraud was set up to take the case out of the statute, as it is relied on in this. But this court went so far as to say, that admitting the fraud, the contract was still void ; and that a demurrer to the bill, without an answer to the fraud charged, would defeat the relief asked. 2 Story, Eq. 60 ; *Cozine* v. *Graham,* 2 Paige, 181.

No matter what points and corners, or lines, Gibson may have shown to the parties during the negotiation for the purchase, or what representations he may have made to them, the difficulty created by the failure of the parties to enter into the contract in writing, required by the Statute of Frauds, (Hutch. Code, 637,) will still avoid whatever contract was made by parol. "To this complexion it must come at last." 13 S. & M. 97 ; *Beaman* v. *Burk,* 9 Ib. 207 ; *Gothard* v. *Flynn,* 25 Cushm. (Miss.) 58.

3. The case made by the bill, cannot be relied on as such a case of part performance, as in some English cases in equity, and in New York, would have been held not within the statute. For it was a well-settled rule, that the acts of part performance shown, must be referable only to the *particular agreement charged. Philips* v. *Thompson,* 1 Johns. Ch. Rep. 148. And such acts must be such as in their nature would be almost necessarily done in pursuance of the contract alleged. 2 Story, Eq. Juris. § 764, and cases cited ; *Ex parte Hooper,* 19 Ves. 479.

Neither would the payment of the purchase-money by complainants, be sufficient to take a verbal contract for land out of the statute. 5 Munf. 308 ; *Lacon* v. *Martin,* 3 Atk. 4 ; 2 Eq. Cas. Abr. 12 ; 4 Ves. jr. 720 ; *Clinan* v. *Cooker,* 1 Sch. & Lef. 40.

4. The bill shows, "a contract for land fully executed,"—a deed by one party, and the vendee in possession ; and that the complainants, after knowledge of the omission of the forty acres claimed as the main inducement to the contract, and without which they say they would not have purchased, have executed the contract. Upon this state of facts, both before and since the Statute

of Frauds, the authorities are clear that the deed cannot be explained or altered by parol. Roberts on Frauds, 9, 10; *Mann* v. *Mann,* 1 Johns. Ch. 231; *Moral* v. *Hays,* Ib. 339; 2 Ib. 557. 3 Johns. 68; 8 Ib. 189, 375.

5. It must be evident, that the prayer for a decree against the wife of Gibson, not made a party to the bill, cannot be granted. It is not alleged that she made any contract:—a party must contract, or cannot be compelled. Gibson could not contract for her dower interest, nor compel her to relinquish it. See Henry St. Geo. Tucker's, 3 Black. Com. tit. Specific Performance, citing 1 Mad. 311.

6. As to the alternative relief prayed, it is settled, that when a specific performance cannot be decreed, the court will not go on and ascertain and decree damages, but will remit the party to his action at law. 1 Mad. 350; 5 Johns. 193.

We are confident the decree ought to be affirmed.

*Freeman,* and *Dixon,* on same side.

HANDY, J., delivered the opinion of the court.

The *gravamen* of the bill in this case, is the fraud alleged to have been practised by the defendant upon the complainants, in causing the deed for the land mentioned in the bill, as having been contracted to be sold by the defendant to the complainants, to be so drawn, as to omit a valuable and material part of the land intended to be conveyed, and which the complainants trusting to the good faith of the defendant, supposed was embraced in the deed. The scope of the bill is not to enforce a parol contract for a sale of the lands, but to get relief for the alleged fraud practised upon the complainants, by having the deed so drawn as to omit an important part of the land, in violation of the agreement of purchase. And although there was no contract in writing in relation to the purchase, yet if it was verbally agreed between the parties, that the defendant would sell to the complainants certain specified lands for a sufficient consideration, and afterwards in carrying out that agreement by executing a deed, the defendant by imposition and fraud, caused a material part of the lands agreed to be conveyed,

to be omitted from the deed, and had other lands of less value not agreed to be sold, inserted in their place, the insufficiency of the original parol agreement, would furnish no reason why the purchaser should not have relief on account of the fraud practised in the fact of executing the deed.   If such a fraud were established by proof, it is manifest that it would be a ground of relief, wholly independent of any consideration arising from the Statute of Frauds; and, consequently, a demurrer setting up a defence under the Statute of Frauds, would not reach the equity of the case.   It would have reference merely to an incidental circumstance, connected with the grievance complained of.   The defendant, under the allegations of the bill, in the act of conveying the land agreed to be purchased by the complainants, practised the fraud.   If the deed had been made in good faith, according to the alleged agreement, the rights of the purchaser would have been secure, and he would have obtained what he agreed to purchase, and what he believed he was obtaining by the deed.   But he was deprived of this by the alleged fraud in executing the deed, and this is the substantial equity of the bill; and if it can be established by proof, as charged, the complainants would be entitled to relief. They were entitled to a hearing upon this ground of equity, and it was therefore error to sustain the demurrer and dismiss the bill.

The decree is reversed, the demurrer overruled, and the cause remanded, and the defendant ordered to answer in sixty days.