Maskew *v.* Parker.

[89 South. 909. No. 22079.]

1. Guardian and Ward. *Denial of application for appointment as guardian will not be disturbed on appeal where testimony conflicting.*

Where the testimony as to the qualification of an applicant for appointment as guardian of infants is conflicting, the supreme court will not disturb the action of the chancellor in denying the applicant's petition, unless the findings of the chancellor are manifestly wrong.

2. Guardian and Ward. *Right of infant over fourteen to select guardian controlling if selection suitable.*

Under section 2403, Code of 1906 (Hemingway's Code, section 1964), the right of an infant over the age of fourteen years to select a guardian must prevail if the selection of the infant is suitable, but, if the infant selects an unsuitable person, the court is not bound by the selection.

APPEAL from the chancery court of Covington county.
HON. D. C. RUSSELL, Chancellor.

Application of J. T. Maskew for appointment as guardian of certain minors. Bruce Parker and others opposed the appointment. Judgment for Parker, and Maskew appeals. Affirmed.

*M. U. Mounger, Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

The question presented is not a new one; it was decided years ago by this court, in *Spann* v. *Collins,* Smede & M. 624, that if the court, empowered to appoint guardians of infants, in the exercise of its discretion as to the appointment of a guardian, reject the next of kin, who is suitable, in favor of a stranger, this court will reverse the action. It is unquestionably the law that the court, in the appointment of a guardian, is bound to recognize the statutory right of the next of kin to an infant to be the guardian, where there is no valid objection to his qualifications and competency.

When it is said that the court is bound to recognize the statutory right of the next of kin to be the guardian of an infant where there is no objections to his qualification and competency, it does not mean that any stranger may, without reason, maintain an objection. An objection by whomsoever made presents to the court only the inquiry whether the next of kin, the applicant who has applied to be appointed as guardian, is qualified and competent; and this presents a question of fact in the case of *Allen* v. *Pete,* 25 Miss. 29; the court of original jurisdiction had decreed the guardianship to a stranger in preference to the next of kin upon proof that the appointee was a man of family and

127 Miss.—11

had a residence while the next of kin was unmarried although of good habits and morals. This court in that case reversed the decree of the court of original jurisdiction, holding that the unmarried next of kin should have been appointed guardian of the infants. This court in that case reviewed the exercise of the discretion by the court of original jurisdiction, held that the statutory rights of the next of kin should have been respected and that whatever discretion was invested in the court of original jurisdiction had been abused.

The case at bar, therefore, resolves itself into a single inquiry and that is whether the testimony heard by the chancery court showed Maskew, petitioner, to have been an unfit person to be appointed guardian of the children including the fourteen-year old boy who joined in the application to have Maskew appointed his guardian. In the judgment of the persons who assailed the appellant's qualifications and competency, he was perfectly competent and qualified at the time he took control of the children to have had their care and custody and so remained for the three years preceding the trial in the court below. By agreement of the objectors he had taken the children and cared for them during that time and it was cruel for the chancery court to have disregarded this fact and to have severed the pleasant relations which existed between Maskew and his wife on the one part and the children on the other. Practically every fact proved on the trial which, in the remotest degree, tended to impeach the applicant's fitness for the appointment sought by him existed and was known to the objectors when they agreed for him to have the care and custody of the children.

The chancellor seems to have been of the opinion that because of enmity or unfriendliness between some of the children's relatives and Maskew that, therefore, the children should be taken from him and placed in the control and custody of strangers. Such an opinion was both unreasonable and erroneous. There was no showing that Maskew

embittered the children toward the objectors, or that he was in any way exercising pernicious influence over them. The few long past indiscretions of Maskew were not a sufficient justification for denying him the guardianship of the children and were certainly insufficient to deny him the guardianship of the boy over fourteen years of age. An infant over fourteen years of age is given a statutory right in and about the appointment of a guardian over him. The court below, we respectfully submit, not only erroneously disregarded the right of Maskew the next of kin to the infants, but erroneously ignored the right of the fourteen-year-old boy.

No brief found in the record for appellee.

Cook, J., delivered the opinion of the court.

This appeal presents a contest over the guardianship of minors.

On November 27, 1917, Mathew Dearman, a resident citizen of Covington county, died, leaving three infant children. At the time of the trial of this cause in the court below the oldest child, James Dearman, was fourteen years of age, while the other two children were under the age of fourteen years. The mother of these minors died shortly after the death of their father, and after the death of the mother, the appellant, J. T. Maskew, an uncle of the children, with the consent of the next of kin, took them into his home and they remained in his care and custody for about three years. Appellant was appointed administrator of the estate of Mathew Dearman, deceased, and after the death of the mother of these infants, W. A. Mathison, clerk of the chancery court, was appointed guardian of the estates of the infants. While this record is not clear upon the point, it appears that during the course of the administration of the estate of the deceased father, or the estates of the children, there was some litigation out of which there developed great discord and bitterness between appellant

and other relatives of these minors. After this discord arose, Mathison desired to resign as guardian of the estates of the minors, and thereupon appellant applied to the court for letters of guardianship of the person and estate of the infants. One of the infants, James Dearman, being over fourteen years of age, selected appellant as his guardian and presented his petition to the court praying for appellant's appointment. Upon the hearing of appellant's petition, several relatives of the minors appeared and opposed his appointment, and much testimony was taken upon the question of the fitness and suitability of appellant to be guardian of these minors. A final decree was entered by the chancellor denying appellant's petition, and other suitable persons having expressed a willingness to assume the guardianship and to care for and educate the infants, a decree was entered appointing a separate guardian for each of them.

We do not deem it necessary to set out any of the volume of testimony which was offered at the hearing of appellant's petition. This testimony is conflicting, and after a careful consideration thereof we are not able to say that the action of the court in denying appellant's petition is clearly and manifestly wrong, and therefore the finding of the chancellor will not be disturbed.

It is suggested, however, that in any event the decree should be reversed as to the minor who is fourteen years of age and who has exercised his statutory right of selecting a guardian. The statutory right conferred upon an infant over the age of fourteen years to select a guardian must prevail if the selection of the infant is in all respects suitable, but in a matter of so much importance to the welfare of the infant the court is not bound by the choice of the infant. The choice may be the result of the influence and artifices of designing persons whose aim would be to promote their own interest rather than the welfare of the ward, and if the infant, on account of tender years and inexperience, should fail to guard against such artifices, the court may intervene for his protection.

The fact that the court has appointed a guardian for the minor who is over the age of fourteen years does not militate against his right to select a guardian in the future, provided the selection is a suitable one. *Howell et al.* v. *Gibson,* 30 Miss. 464.

*Affirmed.*